UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBEN FILIUT,

        Plaintiff,

v.                                           Case Number: 05-71514

APPLEGATE, ET AL.,                HON. PATRICK J. DUGGAN

        Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on MAY 18, 2005.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff Ruben Filiut, a state inmate currently incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983.  Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1).  Pursuant to § 1915(a), this Court must screen Plaintiff's lawsuit at an early stage to determine whether there are any grounds for dismissal.  Having reviewed Plaintiff's Complaint, the Court concludes that it must be dismissed without prejudice because Plaintiff fails to establish exhaustion of his administrative remedies as required by 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), requires a

prisoner to exhaust his administrative remedies prior to filing an action regarding prison conditions pursuant to 42 U.S.C. § 1983.  Section 1997e states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  To comply with the requirements of § 1997e(a), the Sixth Circuit has held that a prisoner must:

> [P]lead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

*Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The Sixth Circuit Court of Appeals has adopted the "total exhaustion" rule. Pursuant to this rule, where a complaint presents exhausted and unexhausted claims, the complaint must be completely dismissed for failure to exhaust administrative remedies. *Jones Bey v. Johnson*, __ F.3d __, 2005 LEXIS 7166, *4 (6th Cir. Apr. 25, 2005).  A Michigan state prisoner exhausts his administrative remedies by proceeding through all three steps of the Michigan Department of Corrections' grievance procedure.  *Id.* at *3.

In the pending case, Plaintiff names twelve defendants.  Plaintiff failed to proceed beyond the second step of the grievance process with respect to these six defendants: Applegate, Phillips, Kramer, Gilbert, Jamrog, and Hemry.  Plaintiff failed to proceed beyond the first step of the grievance process with respect to two other defendants: Ezrow and Burnett.  Thus the Court concludes that Plaintiff failed to exhaust his administrative

remedies for the claims asserted against these defendants and therefore that he failed to comply with the total exhaustion rule.

Accordingly,

**IT IS HEREBY ORDERED**, that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.


                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copy to:
Ruben Filiut
#196495
Baraga Maximum Correctional Facility
301 Wadaga Road
Baraga, MI 49908