UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBEN FILIUT,

        Plaintiff,

                                    Case Number: 05-71514

v.                                    HON. PATRICK J. DUGGAN

APPLEGATE, ET AL.,

        Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 14, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff Ruben Filiut, a state inmate currently incarcerated at the Baraga Maximum Correctional Facility ("Baraga") in Baraga, Michigan, initially filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 in the United States District Court for the Western District of Michigan. Plaintiff named as defendants Inspector Unknown Applegate, Corrections Officer Unknown Phillips, Lieutenant Unknown Kramer, Unknown Gilbert, Unknown Evers, Warden David J. Jamrog, Grievance Coordinator J. Eaton, Hearing Officer Cynthia Flakenstein, and Hearing Investigator C. Hemry, all of whom are employed at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff also named as defendants Inspectors Ezrow and Burnett, both of whom are

employed by the Michigan Department of Corrections at Baraga, and Assistant Hearing Administrator at the MDOC Richard Stapleton.

On April 11, 2005, the Honorable David W. McKeague of the Western District of Michigan dismissed Plaintiff's claims against Defendants Ezrow, Burnett, and Stapleton pursuant to 28 U.S.C. § 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997c. Judge McKeague transferred Plaintiff's claims against the remaining Defendants to this Court, as the claims arose in the Eastern District of Michigan and Defendants are located in this district.

On May 18, 2005, this Court dismissed Plaintiff's complaint without prejudice finding that Plaintiff failed to establish exhaustion of his administrative remedies as required by 42 U.S.C. § 1997e(a).[1] Plaintiff now has submitted a letter dated June 30, 2005, along with several exhibits, which the Court construes as a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6). In his motion, Plaintiff argues that he exhausted his administrative remedies prior to filing his civil rights complaint, but had not received the necessary supporting documentation at that time. Plaintiff asserts that he received copies of the Step III responses to his administrative grievances on June 10, 2005, and he has submitted these copies with his motion. This Court finds that Plaintiff's supplementary materials allege exhaustion with sufficient particularity to satisfy *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

---

[1] The Court notes that, when it issued its order on May 18, 2005 and addressed Plaintiff's claims against Defendants Ezrow and Burnett, it overlooked Judge McKeague's order dismissing those claims. As Judge McKeague dismissed Plaintiff's claims against those Defendants, as well as Defendant Stapleton, the Court need not examine whether Plaintiff has administratively exhausted his claims against those Defendants.

2

Therefore the Court must determine whether it may grant relief from judgment under Rule 60(b)(6) or whether granting relief from judgment would amount to improperly allowing Plaintiff to amend his complaint.

The Sixth Circuit Court of Appeals has restricted prisoner's ability to amend a Section 1983 complaint to establish exhaustion. *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002). In *Baxter*, the Court of Appeals considered whether a prisoner filing a Section 1983 action and failing to allege in his initial complaint that he exhausted his administrative remedies prior to filing his complaint should be permitted to amend his complaint to allege exhaustion and satisfy the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. The court held that "a prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies, if his action is covered by the PLRA." *Id.* at 488. The Court reasoned that allowing a prisoner to amend his complaint to allege exhaustion where exhaustion had been insufficiently asserted in the original complaint "would undermine[] PLRA's screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement." *Id.* at 489.

While *Baxter* establishes a general rule barring a prisoner from amending his Section 1983 complaint to allege exhaustion of administrative remedies, another district court judge in this district has held that the Sixth Circuit's decision allows amendment where the prisoner alleged exhaustion in his original complaint but failed to do so with the required specificity. *Casarez v. Mars*, 2003 WL 21369255 (E.D. Mich. 2003). In

3

*Casarez*, the prisoner filed a Section 1983 complaint using a "form" complaint provided to prisoners filing such actions in the Eastern District of Michigan. 2003 WL 21369255, at *4. The prisoner did not attach any documentation to his complaint showing exhaustion, although he answered "yes" to the form complaint's question: "Did you present the facts relating to your complaint in the state prisoner grievance procedure?" *Id*. Furthermore, in response to the question "What steps did you take?", the prisoner answered "I have exhausted state remedies." *Id*. The defendants filed a motion to dismiss arguing the prisoner failed to demonstrate exhaustion of administrative remedies. *Id*. at *1. In response, the prisoner alleged that he was unaware that he needed to attach any documentation and that the form did not instruct him otherwise. *Id*. The prisoner attached to his response copies of grievances which established that he had exhausted his administrative remedies. *Id*.

Judge Lawson distinguished the case before him from *Baxter* and denied the defendants' motion to dismiss. Judge Lawson noted that, unlike the prisoner in *Baxter*, the prisoner in the case before him– while not providing the details of the steps he took to exhaust administrative remedies– did specifically allege that he exhausted his administrative remedies in his original complaint. *Id.* at *6. In *Knuckles-El*, the Sixth Circuit held that the requirement that a plaintiff allege exhaustion through "particularized averments . . . is so that the district court may intelligently decide if the issues raised can be decided on the merits." 215 F.3d at 642. In *Casarez*, Judge Lawson concluded that "although it is true that the plaintiff did not make 'particularized averments' in his

complaint as to the manner in which he exhausted his administrative remedies, this Court nonetheless is able to 'intelligently decide' the issues contained in the plaintiff's complaint from the facts alleged therein together with the plaintiff's response to the motion." *Casarez*, 2003 WL 21369255 at * 6.

The Court finds Judge Lawson's reasoning in *Casarez* equally applicable in this case. In his complaint, Plaintiff stated that he "exhausted his administrative remedies by filing grievances" and that "all grievances were denied without resolution." Compl. at p. 2. While Plaintiff did not attach to his complaint documentation establishing complete exhaustion of his grievances, he did state in detail a number of remedies he pursued and the result of each process. *See id*. ¶¶ 16, 17, 19, 27 & 29. This Court is able to "intelligently decide" the issues in Plaintiff's complaint when it considers the facts alleged in his complaint and the supplementary materials submitted in connection with his motion for relief from judgment.

Moreover, the *Baxter* court did not address the specific situation at issue here– where a prisoner-plaintiff claims that he did not include detailed information regarding exhaustion in his original complaint because such information was unavailable to him. In the instant case, Plaintiff contends that he was unable to attach copies of his grievances or provide details of exhaustion because he had not yet been provided with copies of the Step III responses. Plaintiff states he did not receive copies of the responses until June 10, 2005. Given these circumstances, the Court concludes that Plaintiff now has alleged exhaustion with sufficient particularity to satisfy *Knuckles-El*, and that it is permissible

5

under the PLRA to permit Plaintiff to establish exhaustion in this manner.

The Court further concludes that relief from judgment is appropriate in this case. Rule 60(b)(6) grants federal courts "broad authority" to vacate judgments "whenever such action is appropriate to accomplish justice." *Liljeberg, Jr., v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-64, 108 S. Ct. 2194, 2204 (1988). The dismissal in this case was without prejudice. Plaintiff now has filed all of the papers to sufficiently plead exhaustion of administrative remedies. Denying Plaintiff's motion for relief from judgment, requiring Plaintiff to file a new cause of action and re-file all of the papers already filed in this matter, and requiring the Clerk's Office to re-scan all of those papers into the Court's electronic filing system would be a waste of judicial resources and contrary to the goal expressed by the Sixth Circuit in *Knuckles-El*– i.e. that judicial resources should be efficiently expended in prisoner cases. 215 F.3d at 642.

Accordingly,

**IT IS ORDERED,** that Plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) is **GRANTED**;

**IT IS FURTHER ORDERED**, that the Court **VACATES** its Opinion and Order dated May 18, 2005, and **REINSTATES PLAINTIFF'S COMPLAINT**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:
Ruben Filiut
#196495
Baraga Maximum Correctional Facility
301 Wadaga Road
Baraga, MI 49908