UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBEN FILIUT,

        Plaintiff,

                                       Case Number: 05-71514

v.                                   HON. PATRICK J. DUGGAN

APPLEGATE, ET AL.,

        Defendants.

_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 9, 2006.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff Ruben Filiut, a state inmate currently incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan, initially filed this *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 in the United States District Court for the Western District of Michigan. Plaintiff names as defendants the following prison officials at the Baraga Maximum Correctional Facility in Baraga, Michigan, where Plaintiff was incarcerated at the time he filed his lawsuit:[1] Assistant Hearing Administrator Richard Stapleton and Inspectors Ezrow and Burnett. Plaintiff also names as defendants the following prison officials at the Gus Harrison Correctional Facility in

---

[1] Plaintiff has been transferred to at least two different prisons during the pendency of this lawsuit.

Adrian, Michigan, where Plaintiff was incarcerated before being transferred to Baraga: Inspector Unknown Applegate, Corrections Officer Unknown Phillips, Lieutenant Unknown Cramer, Unknown Gilbert, Unknown Evers, Warden David J. Jamrog, Grievance Coordinator J. Eaton, Hearing Officer Cynthia Flakenstein, and Hearing Investigator C. Hemry.

On April 11, 2005, the Honorable David W. McKeague of the Western District of Michigan dismissed Plaintiff's claims against Defendants Ezrow, Burnett, and Stapleton pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c). Judge McKeague transferred Plaintiff's claims against the remaining Defendants to this Court, as the claims arose in the Eastern District of Michigan and Defendants are located in this district.

On May 18, 2005, this Court dismissed Plaintiff's complaint without prejudice, finding that Plaintiff failed to establish exhaustion of his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff subsequently filed a motion, which this Court construed as a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6), arguing that he exhausted his administrative remedies prior to filing his civil rights complaint, but that he had not received the necessary supporting documentation by the filing date. Plaintiff submitted supplementary materials with his motion to demonstrate that he exhausted his administrative remedies. Based on these submissions, as well as Plaintiff's averments in his complaint and motion describing the steps he took to exhaust his administrative remedies, this Court found Plaintiff's claims

exhausted. The Court therefore issued an opinion and order on September 14, 2005, vacating its prior opinion and order and reinstating Plaintiff's complaint. The Court thereafter issued an order directing the United States Marshal to serve Defendants. Except for Defendant Gilbert, who apparently is no longer employed by the State, all of the Defendants have been served.

**I.     Defendant's Motion to Dismiss**

On November 8, 2005, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court referred the motion to Magistrate Judge Wallace Capel, Jr. On March 15, 2006, Magistrate Judge Capel issued a Report and Recommendation ("R&R"), concluding that Plaintiff failed to demonstrate that he exhausted his administrative remedies and that his complaint therefore should be dismissed without prejudice. At the conclusion of his R&R, Magistrate Judge Capel informs the parties that they must file any objections to the R&R within ten days. Plaintiff filed objections on March 27, 2006, in which he challenges Magistrate Judge Capel's conclusion based on this Court's prior opinion and order finding that Plaintiff demonstrated exhaustion of his administrative remedies. Defendants filed a response to Plaintiff's objections on May 2, 2006, arguing that the documentation Plaintiff previously submitted to the Court failed to demonstrate exhaustion.

This Court already held that Plaintiff exhausted his administrative remedies. The Court therefore finds merit in Plaintiff's objections to the R&R and decides not to adopt Magistrate Judge Capel's recommendations. The Court thus turns to Defendants'

3

alternative argument in their motion to dismiss that Plaintiff fails to state a claim upon which relief may be granted.[2]

## II. Applicable Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. Construing the complaint in a light most favorable to the plaintiff and assuming that the plaintiff's factual allegations are true, the court must determine whether the complaint states a valid claim for relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)(citing *Jenkins v. McKeithen*, 395 U.S. 411, 421-33, 89 S. Ct. 1843, 1848-49 (1969)). A court may dismiss a claim pursuant to 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

## III. Plaintiff's Claims

In his complaint, Plaintiff alleges that Defendants Applegate, Falkenstein, Phillips, Cramer, Gilbert, and Hemry violated his Due Process rights. This claim arises from a major misconduct report Defendant Cramer issued on March 4, 2003, charging Plaintiff with conspiracy to commit assault and battery against Defendant Applegate. *See* Compl.

---

[2] Even if the Court erred in finding that Plaintiff exhausted his claims prior to filing his complaint, as Defendants argue in their Response to Plaintiff's objections, the Prison Litigation Reform Act permits a court to dismiss a prisoner's claim, without first requiring exhaustion, "[i]n the event that [the] claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief." 42 U.S.C. § 1997e(c)(2).

Ex. O. According to the major misconduct ticket, Defendant Cramer received a verbal and written confidential statement indicating that Plaintiff and another inmate, referred to as Sanchez, were planning to have Defendant Applegate killed by their fellow Latin King gang members outside the prison. *See id*. Plaintiff alleges that Defendant Phillips facilitated the false allegations against him by aiding Defendant Cramer in procuring the statement from the confidential informant.

Defendant Hemry investigated Plaintiff's major misconduct charge and Plaintiff claims she denied him a fair investigation by not producing an interpreter and by refusing to take his statement. Defendant Falkenstein, an Administrative Law Judge, presided over the hearing regarding the charge against Plaintiff. At the hearing, the major misconduct report was read to and discussed with Plaintiff, Defendant Hemry's hearing investigation report was read to and discussed with Plaintiff, and Sanchez and Plaintiff testified. *See id*. Defendant Applegate also testified and was asked by Defendant Falkenstein regarding the past credibility and reliability of the informant. *See id*. Plaintiff claims that Defendant Applegate vouched for the credibility of the confidential informant at the hearing and therefore helped facilitate false allegations against him. Defendant Falkenstein ultimately found Plaintiff guilty of the charge. *See id*. Plaintiff filed a request for rehearing and Defendant Stapleton denied the rehearing.[3] *See id*. Plaintiff

---

[3]As previously indicated, Judge McKeague dismissed Plaintiff's claim against Defendant Stapleton, concluding that Defendant Stapleton is absolutely immune from suit under the circumstances of this case. *See* Dkt. #1 (4/19/05 Opinion).

received 30 days of detention for the violation.

Plaintiff's complaint also contains a claim against Defendants Gilbert and Evers, alleging a violation of his First Amendment Right to religious freedom. According to Plaintiff, on March 6, 2003, Defendant Gilbert removed certain religious property from Plaintiff's control area, namely "1 Palero book, 3 tattoo stencils and mis[cellaneous] papers with artwork," believing the items could be related to a Security Threat Group ("STG"). *See* Compl. Ex. D & Ex. E. The prison's STG coordinator concluded that the items were STG literature, related to the "5% Nation of Gods & Earth," a validated Michigan Department of Corrections STG. *See id.* Defendant Evers conducted the administrative hearing regarding the determination as to whether Plaintiff's property constituted STG paraphernalia. According to the Administrative Hearing Report, Plaintiff stated at the hearing that the property was not his, that he did not want it, and that it should be thrown out. *See id*.

Apparently Plaintiff was subsequently given a STG II designation as a result of the STG paraphernalia found in his control area, which resulted in his security level being raised to V. *See id*. Plaintiff claims that Defendant Jamrog was responsible for placing him at Level V and placing him in administrative segregation and that he did so without substantial evidence. According to Plaintiff, Defendant Jamrog's actions violated his due process rights.

Finally, Plaintiffs claims that Defendant Eaton denied him access to the grievance process and therefore violated his due process rights. This claim is based on two

grievances Plaintiff filed in late March 2003, with respect to the confiscation of his property and his STG II designation. Plaintiff wrote both grievances in Spanish. Defendant Eaton reviewed both grievances and returned them to Plaintiff, indicating that they would not be processed as they were not in English.

## IV. Applicable Law and Analysis

### A. Plaintiff's Due Process Claim Against Defendant Falkenstein

As set forth above, Defendant Falkenstein, serving as an Administrative Law Judge, presided over Plaintiff's major misconduct hearing. Pursuant to Sixth Circuit precedent, hearing officers are entitled to absolute judicial immunity in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988).

### B. Plaintiff's Due Process Claim Against Defendants Applegate, Phillips, Cramer, Hemry, and Jamrog

Plaintiff asserts that Defendants Applegate, Phillips, Cramer, and Hemry violated his due process rights with regard to the issuance of, investigation of, and hearing on his conspiracy to commit assault and battery major misconduct charge. Plaintiff asserts that Defendant Jamrog violated his due process rights when he classified Plaintiff as a Security Level V prisoner and placed him in administrative segregation. Plaintiff's major misconduct hearing, which resulted in 30 days detention, his classification as a Level V prisoner, and his administrative segregation did not "impose[] atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life" to give rise to Due Process protection. *Sandin v. Conner*, 515 U.S. 486, 484, 115 S. Ct. 2293, 2300

(1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995).

In *Sandin*, a prisoner brought a Section 1983 action against prison officials and the State of Hawaii challenging the imposition of disciplinary segregation after he was found guilty of disciplinary infractions. 515 U.S. at 475, 115 S. Ct. at 2296. After finding the prisoner guilty of the charged misconduct, an adjustment committee sentenced him to 30 days disciplinary segregation. *Id*. On review, but after the prisoner served his time in segregation, a deputy administrator found the major charge against the prisoner unsupported and expunged the inmate's disciplinary record with respect to that charge. *Id*. at 476, 115 S. Ct. at 2296. In the meantime, the prisoner brought his Section 1983 action, charging that his due process rights were violated when he was denied the opportunity to present witnesses at the hearing on his charges. *Id*.

The Supreme Court disagreed, holding that the inmate's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" giving rise to Due Process protection. *Id*. at 486, 115 S. Ct. at 2301. Following *Sandin*, the Sixth Circuit has concluded that placement in administrative segregation is not an atypical and significant hardship sufficient to support a claim under the Due Process Clause. *See, e.g., Rimmer-Bey*, 62 F.3d at 791; *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). The court also has concluded that "an increase in security classification, such as being classified as an STG member, does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain

incarcerated in a particular prison or to be held in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005)(internal quotation marks and citations omitted).

Finally, the Sixth Circuit has held that false accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges subsequently are adjudicated in a fair hearing. *Cromer v. Dominguez*, 103 Fed. Appx. 570, 573 (6th Cir. 2004)(citing *Cale v. Johnson*, 861 F.2d 943, 953 (6th Cir. 1988)(Nelson, J., concurring) and *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Smith v. Mensinger*, 293 F.3d 641 (3d Cir. 2002)(dismissing a prisoner's due process claim against the prison official who issued allegedly false misconduct reports and offered perjured testimony in support of those reports because the inmate was afforded a hearing and the opportunity to confront and challenge the reports and testimony). In this case, Plaintiff received a hearing and, at the hearing, had the opportunity to present evidence on his behalf and respond to the evidence presented. *See* Ex. O (decision on request for rehearing).

### C. Plaintiff's Claim Against Defendants Gilbert and Evers

Plaintiff alleges that Defendants Gilbert and Evers infringed his right to religious freedom under the First Amendment. Plaintiff's claim is based on the confiscation of what he now claims was his religious property. At the administrative hearing to determine the disposition of the property, however, Plaintiff denied that the property in question was his and directed that it be thrown away. *See* Compl. Ex. E. Defendant

9

Evers therefore concluded that the items should "be disposed of at prisoner's request . . . as abandoned property." *See id.* Plaintiff cannot now claim a constitutional violation based on the loss of his property when the decision to dispose of the property was premised on Plaintiff's own disclaimer of ownership.

### D. Plaintiff's Claim Against Defendant Eaton

Plaintiff alleges that Defendant Eaton violated his right to file grievances by rejecting two of Plaintiff's grievances which were written in Spanish, one addressing the removal of his religious property and the other addressing his classification as STG II. Plaintiff's claim does not implicate constitutionally protected rights, as "[t]here is no inherent constitutional right to a prison grievance proceeding" and Michigan law does not create a liberty interest in the grievance procedure. *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994)(unpublished opinion)[4]; *see also Walker v. Michigan Dep't of Corrections*, 128 Fed. Appx. 441, 445 (6th Cir. 2005)(collecting cases). Absent a constitutional violation, Plaintiff's Section 1983 claim against Defendant Eaton fails. Moreover, Plaintiff alleges in his complaint that another prisoner helped him rewrite his grievances in English and that he subsequently submitted those grievances. *See* Compl. ¶ 19. Thus Defendant Eaton's conduct only temporarily foreclosed Plaintiff's access to the grievance process.

## V. Conclusions

---

[4]This unpublished opinion is attached as Exhibit 3 to Defendants' motion to dismiss.

For the reasons set forth above, the Court concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED,** that Defendants' Rule 12(b)(6) motion to dismiss is **GRANTED**.

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Ruben Filiut
#196495
Standish Maximum Correctional Facility
4713 West M-61
Standish, MI  48658

Christine M. Campbell, Esq.